UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

PHIL LEACH

                         COMPLAINT

          Plaintiff

v.                                  JURY DEMANDED

ELTMAN, ELTMAN & COOPER, P.C.

          Defendants.

------------------------------------------------x

## INTRODUCTION

1.    This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and New York General Business Law § 349.

## JURISDICTION AND VENUE

2.    The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1337.

3.    Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4.    Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

5.    Venue in this District is proper because Defendant's principal place of business is in the District, Plaintiff resides in this District, and the conduct complained of occurred in this District.

1

## PARTIES

6. Plaintiff, Phil Leach is a natural person who has resided at all relevant times in New York, New York.

7. Phil Leach is a consumer as defined in the FDCPA § 1692a(3).

8. Defendant Eltman, Eltman & Cooper, P.C. (hereinafter "EEC") is a law firm engaged in the business of collecting debts in this state, with its principal place of business located at 140 Broadway, 26th Floor, New York, NY 10005.

9. EEC's principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due another.

10. EEC is a debt collector as defined in the FDCPA §1692a(6).

## FACTS

11. On or about May 12, 2010, Defendant mailed a letter to Plaintiff that attempted to collect on a default judgment that had been entered against defendant. A copy of the letter is attached as <u>Exhibit A</u>.

12. The letter dated May 12, 2010 stated "[w]e represent PROVIDIAN FINANCIAL CORP in the collection of your outstanding debt stated below."

13. Elsewhere in the letter, EEC stated it was sent in regards to "LVNV Funding LLC vs. Phil H Leach" and identified the original creditor as "Providian Financial Corp."

14. The body of the letter stated, inter alia, "[t]o avoid having legal documents sent to your employer and having wages deducted: call us to arrange a voluntary monthly payment plan."

15. EEC also warned in the letter, that "[i]f we do not hear from you this account will be referred to a law firm in your state to enforce the judgment through a wage garnishment at your

employer."

16. The letter is not signed; but the name of Pushpa Piyatissa, Esq., an attorney at EEC, appears on the signature block.

17. After reading the letter, Mr. Leach, alarmed at the threat of having his employer contacted and reasonably understanding from the misleading text of the letter that contacting EEC was the only way to avoid having his employer contacted, telephoned Defendant in May 2010.

18. During this phone call in May 2010, Mr. Leach spoke with EEC employee Tina Massetti.

19. Over the phone, Ms. Massetti and Mr. Leach agreed that Mr. Leach would pay off the alleged debt in $25.00 monthly payments, with the first payment due the following month, June 2010.

20. Ms. Massetti also acknowledged that EEC would send Mr. Leach a monthly bill for the amount due.

21. By the end of June 2010, Mr. Leach had not received any statement from EEC.

22. Thereafter, in late June 2010, Mr. Leach called Ms. Massetti and asked why Defendant never sent a bill.

23. During this phone call, Ms. Massetti confirmed that Mr. Leach's information was in Defendant's computer database and was labeled "approved" and confirmed the settlement agreement.

24. During that same phone call, Ms. Massetti told Mr. Leach that a statement would come in July 2010 and he could begin making his payments then.

25. On July 20, 2010, Mr. Leach called Ms. Massetti for a third time, because he had still not received a bill in the mail.

26. During the July 20, 2010 phone conversation, Ms. Massetti said she would investigate why Mr. Leach had not received anything and would follow-up with another phone call and email.

27. On July 27, 2010, having still not received any bill or follow-up contact, Mr. Leach called Defendant again and spoke with EEC Account Representative Shaun Banks.

28. Mr. Banks said he had no record of any agreement between EEC and Mr. Leach and demanded that Mr. Leach make an immediate initial payment of $300.00.

29. Mr. Banks, acting on behalf of EEC, said that if Mr. Leach did not agree to the new payment plan by 5:00 p.m. that afternoon, EEC would contact his employer to garnish wages.

30. Mr. Leach explained that he had reached an agreement for $25.00 monthly payments with Ms. Massetti; but Mr. Banks, acting on behalf of EEC, reneged on the original agreement and insisted on a higher initial payment.

31. Believing, based on EEC's misrepresentations, that the only other option would be to have his employer contacted by EEC, Mr. Leach was coerced into "accepting" a new arrangement with Defendant where Mr. Leach would make three initial $100 monthly payments, to be followed by $25.00 monthly payments beginning in October 2010.

32. This new payment arrangement has caused an economic hardship for Mr. Leach. He agreed to it, however, because he was frightened by Defendant's threats and believed EEC would immediately contact his employer if he did not give in to the demand.

33. Defendant's threats to contact employers if consumers do not comply with payment demands, far from an anomaly, is part of the business plan developed by Defendant, in which EEC falsely threaten imminent employer contact and wage garnishment in order to increase and facilitate its collections and, upon information and belief, in order to avoid the expense of having

a New York City Marshall serve the consumer with a proper 20-day notice of garnishment under CPLR § 5231.

34. EEC's statements are unfair and deceptive because they falsely lead the consumer to believe that garnishment is imminent.

35. EEC's statements are also unfair and deceptive because they present the consumer with a false set of options where EEC would have the consumer believe that she must choose between (a) having EEC contact the consumer's employer or (b) contacting EEC and/or "accepting" it's demands. In reality, under New York law, EEC would have to cause a marshal to serve a notice of garnishment on the consumer and would be <u>prohibited</u> from contacting the employer during the 20-day period following service. Moreover, after the notice was served, the consumer would have the right to make a lump sum payment to the marshal or contact the marshal to arrange for a payment plan.

36. The letter dated May 12, 2010, which EEC sent to Plaintiff, is a form letter that Defendant sends to consumers throughout New York and other states. In fact, it is only one example of the different form letters EEC sends to consumers that present a false set of options to either contact EEC or have EEC contact your employer. In another form collection-letter used by EEC, attached as <u>Exhibit B</u>, Defendant makes the same threat of imminent employer contact and wage garnishment and lays out the same set of false options.

## **FIRST CAUSE OF ACTION**

**The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")**

37. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

38. By undertaking the above referenced collection activities Defendant repeatedly violated

15 U.S.C. § 1692 *et seq.*

39. Specifically and without limitation: Defendants violated the FDCPA by:

    a. Sending a letter that falsely threatens imminent contact with Plaintiff's employer and wage garnishment, in violation of §§ 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(10), and 1692f.

    b. Sending a letter that presents a false set of options that misrepresents the consumer's rights under New York law, in violation of §§ 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(10), and 1692f.

    c. Reneging on its original payment agreement with Plaintiff and forcing Plaintiff into a new and increased payment amount, in violation of §§ 1692e, 1692e(2), 1692e(10), and 1692f.

    d. Misstating the identity of Defendant's client, in violation of §§ 1692e, 1692e(2), 1692e(3), 1692e(10), and 1692f.

40. As a result of these violations of the FDCPA, Plaintiff has suffered actual damages including, without limitation, sleep deprivation, stomach pains, anxiety, and financial hardship.

41. As a result of these violations, Mr. Leach is entitled to statutory damages of up to $1,000, actual damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION
### NYGBL § 349 (Deceptive Acts and Practices Unlawful)

42. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

43. Each of the deceptive acts and practices set forth above, including but not limited to each

deceptive act and practice set forth in the First Cause of Action was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of §349 independent of whether it also constituted a violation of any other law.

44. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public. Specifically, and without limitation, each of the unfair and deceptive practices listed above in Paragraph 39 (a) through (d) is, upon information and belief, a recurring practice that Defendant has taken, not just against Mr. Leach, but against large numbers of consumers as part of a policy and practice that is designed and has the effect of increasing Defendant's profits by lowering the cost of collecting on post-judgment consumer accounts and increasing Defendant's success rate with regard to such accounts.

45. Each of Defendant's deceptive acts, by their nature, involves a material misrepresentation.

46. As a result of these violations of NYGBL §349, Plaintiff has suffered actual damages and is therefore entitled to actual damages, punitive damages of up to $1,000, attorney's fees and costs.

47. Mr. Leach's actual damages include, without limitation, sleep deprivation, stomach pains, anxiety, and financial hardship.

**WHEREFORE** plaintiff respectfully requests that this Court award:

    a. On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

    b. On the SECOND CAUSE OF ACTION (NYGBL §349), actual damages, three times

the actual damages up to $1000, costs and reasonable attorney's fees pursuant to NYGBL §349(h);

c. Equitable relief in the form of Defendant's forfeiture of the difference between the money Plaintiff has actually paid to EEC under the coerced repayment plan, entered into on July 27, 2010, and the money Plaintiff would have paid under the original agreement; and

d. Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: September 30, 2010
      White Plains, New York

Respectfully Submitted,

_____
Peter T. Lane, Esq.
One of Plaintiff's Attorneys

Plaintiff's Attorneys
Daniel A. Schlanger, Esq.
Peter T. Lane, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph: 914-946-1981
Fax: 914-946-2930

8

# Exhibit A

ELTMAN, ELTMAN & COOPER, P.C., 140 BROADWAY, 26TH FL., NEW YORK, NY 10005  (T) 877-439-8800 (F) 212-660-3101
ATTORNEYS AT LAW

**NEGOTIATE WITH US BEFORE WE PROCEED TO GARNISHMENT**

PHIL H LEACH
310 E 46TH ST
NEW YORK NY 10017-3021


PHIL H LEACH:

Our investigation recently confirmed that you were employed at MACKENZIE PARTNERS. We represent PROVIDIAN FINANCIAL CORP in the collection of your outstanding debt stated below. Our client will be seeking a wage garnishment against your salary to satisfy the judgment against you.

<u>To avoid having legal documents sent to your employer and having wages deducted,</u> call us to arrange a voluntary monthly payment plan. We will work with you to accept payments for less than would be garnished from your wages.

We realize that these are challenging times and that an involuntary deduction from your paycheck may be difficult to plan for. We would welcome the opportunity to work with you.

Please call (646) 465-6204 and ask to speak to Tina Massetti as soon as possible.

If we do not hear from you this account will be referred to a law firm in your state to enforce the judgment through a wage garnishment at your employer. Please do not delay.

Yours, etc.,


Eltman, Eltman & Cooper, P.C.
Pushpa Plyatissa, Esq.
Admitted in NY, NJ


05-12-10

Re: LVNV FUNDING LLC
VS: PHIL H LEACH
Index Number: 63945/06
Original Creditor: PROVIDIAN FINANCIAL CORP
EEC File No: 707054
Judgment Date: 03-08-07
Judgment Amount with Interest: $2019.19

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

# Exhibit B

ELTMAN, ELTMAN & COOPER, P.C., 140 BROADWAY, 26TH FL., NEW YORK, NY 10005 (T) 877-439-8800 (F) 212-660-3101
ATTORNEYS AT LAW



07-13-10



## your salary will be referred for garnishment.
## You can STOP it from happening.

### Garnishment Includes:

- Involuntary paycheck deductions as set by law
- Mandatory payment of the full judgment balance
- Mandatory payment of interest/costs
- Legal papers served to your employer

### Working With Us Means:

- Negotiating *lesser* monthly payments
- Negotiating a *reduced* settlement amount
- Interest and costs can be *waived*
- Private and *confidential* settlement

## We can't help you if you don't call

We have confirmed your employment at FRESH GRILL FOODS. This account will be referred out for garnishment if we don't hear from you. Please call 212-660-3100 as soon as possible to speak with a representative in our legal processing department to avoid garnishment. We look forward to hearing from you.

Re: ERIN CAPITAL MANAGEMENT, LLC
VS:
Index Number:
Original Creditor: CITIBANK
EEC File No:
Judgment Date: 12-22-06
Judgment Amount with Interest: $7810.98

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.